FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JAN 12 AM 11:27
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID CROWE,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-130

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Crowe ("Crowe"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Response, and Crowe has filed a Traverse, as amended. For the following reasons, Crowe's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Crowe was convicted in the Western District of Kentucky of: mail fraud, in violation of 18 U.S.C. § 1341; conspiracy to launder money, in violation of 18 U.S.C. § 1957; and money laundering, in violation of 18 U.S.C. § 1956(h). Crowe was sentenced to 135 months' imprisonment. Crowe did not file a direct appeal, as he and his co-defendant wife fled after sentencing. After being apprehended, Crowe filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the

District Court for the Western District of Kentucky dismissed as being time-barred. (Doc. No. 1, p. 4).

In this petition, Crowe contends that recent decisions by the United States Supreme Court have made the conduct of which he was convicted non-criminal conduct. Crowe asserts that his continued incarceration is a complete miscarriage of justice.

Respondent asserts that Crowe does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Crowe has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Crowe asserts that section 2241 is the appropriate statute under which to seek relief because of the recent decisions of the United States Supreme Court. (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

AO 72A
(Rev. 8/82)

Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Crowe asserts that the fraud offenses of which he was convicted—violations of 18 U.S.C. § 1341—, did not involve bribes or kickbacks, and, pursuant to Skilling v. United States, ___ U.S. ___, 130 S. Ct. 2896 (2010), he is innocent of having conducted criminal activity. In Skilling, the Supreme Court found that, because the defendant's "alleged misconduct entailed no bribe or kickback," his conduct "did not fall within [18 U.S.C.] § 1346's proscription[ ]" against "fraudulent deprivations of 'the intangible right of honest services[.]'" ___ U.S. at ___, 130 S. Ct. at 2907 (quoting 18 U.S.C. § 1346).

While the undersigned agrees with Respondent that Skilling does not apply to this petition, it is not for the reason provided to the Court. Section 1341, in relevant part, "criminalizes use of the mails to further 'any scheme or artifice to defraud, *or* for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.'" Black v. United States, ___ U.S. ___, 130 S. Ct. 2963, 2967 n.2 (2010) (quoting 18 U.S.C. § 1341) (emphasis supplied). The phrase "scheme or artifice to defraud" is defined by 18 U.S.C. § 1346 as including "a scheme or artifice to deprive another of the intangible right of honest services." Id. (quoting 18 U.S.C. § 1346). Based on the undersigned's understanding of the Skilling decision and the principles of statutory interpretation, the Supreme Court's decision in Skilling is limited to those prosecutions involving the so-called honest-services portion of § 1341, not the entirety of this statute. Even if the schemes Crowe was involved in did not involve kickbacks or

AO 72A
(Rev. 8/82)

bribes, he has not shown Skilling or Black[1] establish that he was convicted of a non-existent offense.

Likewise, Crowe's reliance on United States v. Santos, 553 U.S. 507 (2008), is misplaced. The Eleventh Circuit Court of Appeals has determined that the Santos decision is of "limited precedential value" and its holding is limited to "the gross receipts of an unlicensed gambling operation were not 'proceeds' under [18 U.S.C. §] 1956." United States v. Lopez, No. 09-12191, 2010 WL 4559364, at *14 (11th Cir. Nov. 12, 2010) (quoting United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009)). As Crowe was convicted of money laundering and conspiring to money launder the proceeds of an illegal pyramid scheme, Santos does not reveal Crowe was convicted of a non-existent offense.

In sum, Crowe fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Crowe has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Crowe cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal

---

[1] In Black, the Supreme Court seemed to acknowledge the existence of a difference between honest-services fraud and money-or-property fraud. Black, ___ U.S. at ___, 130 S. Ct. at 2966. It appears that Crowe's actions fell within the latter category, despite his contentions to the contrary. (Doc. No. 4-1, pp. 2-8).

AO 72A
(Rev. 8/82)

prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Crowe is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Crowe's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE