FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 DEC 13 P 12:00
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAVID CROWE,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-130

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Crowe ("Crowe"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6). Respondent filed a Response, and Crowe filed a Reply. For the reasons which follow, Crowe's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Crowe was convicted in the Western District of Kentucky of: mail fraud, in violation of 18 U.S.C. § 1341; conspiracy to launder money, in violation of 18 U.S.C. § 1957; and money laundering, in violation of 18 U.S.C. § 1956(h). Crowe was sentenced to 135 months' imprisonment. Crowe did not file a direct appeal, as he and his co-defendant wife fled after sentencing. After being apprehended, Crowe filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, which the

District Court for the Western District of Kentucky dismissed as being time-barred. (Doc. No. 1, p. 4).

Crowe filed a 28 U.S.C. § 2241 petition in this Court in August 2010. In that petition, Crowe claimed he was entitled to relief based on the United States Supreme Court's decisions in United States v. Skilling, 561 U.S. 358 (2010), and United States v. Santos, 555 U.S. 507 (2008). The undersigned determined that Crowe failed to satisfy 28 U.S.C. § 2255's savings clause and recommended that Crowe's petition be dismissed. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (Doc. Nos. 11, 16).

In this Motion, Crowe asserts that he is entitled to relief pursuant to § 2241 based on a Western District of Kentucky's decision in his wife's section 2241 petition, in which she made Santos-based arguments. Crowe asserts that this is an intervening decision entitling him to relief.

Respondent contends that Crowe's Motion should be denied. Respondent also contends that Crowe's wife's petition has not been decided, and, even if it had, the decision from a Kentucky court is not an intervening change in law entitling Crowe to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "Under Rule 60(b), the prisoner must prove 'extraordinary circumstances' justifying the reopening of a final judgment." Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013) (internal citation

2

omitted). "[E]xtraordinary circumstances that warrant the reopening of a judgment will rarely occur in the habeas context[.]" Id. (internal citation and punctuation omitted). The Eleventh Circuit has "held that '[s]omething more than a 'mere' change in the law is necessary . . . to provide the grounds for Rule 60(b)(6) relief." Mock v. Bell Helicopter Textron, Inc., 373 F. App'x 989, 991 (11th Cir. 2010) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)). In addition to citing a change in the law, "a Rule 60(b)(6) movant must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief . . . Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Id. (alteration in original).

Crowe fails to present any assertion which presents an extraordinary circumstance warranting relief pursuant to Rule 60(b)(6). As this Court already has made Crowe aware, Santos does not provide him with his requested relief. (Doc. Nos. 11, 14). The Western District of Kentucky court has not entered a final ruling on Crowe's wife's motion to alter judgment. Crowe v. Keffer, 4:11-cv-89 (W.D. Ky.); (Doc. No. 32, p. 4). In addition, even if the Kentucky court had issued an opinion on Crowe's wife's motion, that court's decision is not binding authority on this Court. (Doc. No. 14). Finally, even if Crowe presented a change in law since this Court entered its ruling on his section 2241 petition, he must show more than that to be entitled to Rule 60(b)(6) relief. In short, Crowe fails to show that he is entitled to relief pursuant to Rule 60(b)(6).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Crowe's Motion for Relief from Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)